15-29-08 report this to the D.R.L. This case was scheduled for what time? Two-thirty. What time is it scheduled for? Two-thirty. Five minutes to get here. Five-minute break. The appointment will be in recess for five minutes. Five-minute break. All right. The Electoral Courts and Supervisors is now in session. The Honorable Justice Joy B. Cunningham is presiding. Good afternoon. Please be seated. Okay. We have one case left. So brief recess. Okay. Okay. Okay. Let's try this again. Please be seated. Okay. We just have one case left. When your case is called, please approach the podium. Tell us your name and who you represent. You'll each have 15 minutes per side. The Appellant should save a few minutes for rebuttal. And please remember, we have carefully read the material. We've read the briefs. We've read the record. We know this case. So I would encourage you to get to your strongest argument or the most important argument to you first. Please call the case, Ms. Cook. 152978, People v. Darrell Whitlock. Good afternoon, Your Honors. My name is Maria Harrigan. I represent Mr. Whitlock. Good afternoon. Christine Cook, Assistant State's Attorney on behalf of the people. Thank you. I'm going to focus my argument this afternoon on the first issue based on my brief, that the charge of knowing murder and by extension the lesser included offenses of reckless homicide that were brought with the re-indictment were subject to compulsory joinder and therefore the state violated my client's right to a speedy trial by bringing these charges almost six months after he was taken into custody. My client was arrested on November 3, 2009, originally indicted with a felony murder charge based on his alleged attempt murder of a police officer. About six months later, after he was taken into custody, he was re-indicted with knowing murder and two counts of reckless homicide. These new counts were subject to the compulsory joinder rule and should have been brought at the time of the original indictment. Under compulsory joinder, when a defendant faces multiple charges arising out of the same conduct, the state must charge the offenses within a single prosecution. When it is aware of the offenses, the offenses are all within the same jurisdiction and they're based on the same act. The state was clearly aware of the multiple offenses that could be charged at this time, from the original indictment time. All the offenses were within the jurisdiction of the trial court and they all stem from the same conduct, Mr. Whitlock speeding and striking Ms. Davis. The reasoning behind the compulsory joinder statute, which applies here, is to prevent the successive prosecutions of multiple offenses arising from the same act in a piecemeal fashion, which can only serve to harass the defendant. Consequently, when compulsory joinder applies, the speedy trial term that applies to the subsequent charges is applicable to the new charges as well. Counsel, can I ask you an initial question? Sure. What was the outcome of the murder charge? Take your time. Mr. Whitlock was convicted of the reckless homicide charge. Right, not the murder. Not the murder charge. So NG and the murder. Correct. Is there any weight to a mootness argument here? Well, it is, the reckless homicide is only a lesser included offense of the new charge of knowing murder. It is not a lesser included offense of felony murder. And I understand that, but what I'm saying is, is it really a moot issue because there was no conviction on the murder? Well, if the pretrial motion had been granted, there could be no conviction on the knowing murder, the reckless homicide, and he was acquitted of felony murder. So the reckless homicide only stems from the re-indictment. And the state actually brought those charges when they re-indicted, when it re-indicted my client. But there was reckless homicide in the first indictment?  Just in the second? Just in the second. And again, because they were subject to compulsory rejoinder, the speedy trial clock, it was 50 days after the speedy trial clock had started running. The state makes the argument that compulsory rejoinder doesn't apply because Illinois only has a single offense of murder, which can be incriminated in a variety of ways. But in this case, felony murder is clearly different than knowing murder. There are different elements, different mental states. To prove the felony murder, the state had to prove that Mr. Whitlock hit Valerie Davis with his car during the course of his commission of another felony, an attempt murder of a police officer. The additional murder charge required proof of a different mental state, including the reckless homicide was a reckless disregard. The knowing murder was knowing that your conduct could cause death or great bodily harm. And the cases cited by the state are distinguished along these points. All of those cases, the defendant was aware of the elements because he was charged, like in Maxwell, he was charged separately with attempt murder and armed robbery, which were predicate felonies for felony murder. So he knew about the elements. In Stockey, which is the Illinois Supreme Court case, the first degree and second degree murder both required proof of first degree murder. So the elements were the same. There was an additional mitigation element, which the defendant had to prove. So those cases are very different from this case. Counsel, if he was charged with murder initially and not felony murder, would this be a different case? If he was originally charged with knowing murder? Correct. Yes, because in that case reckless homicide would have either been a charged lesser included offense or it would have been the judge could have found it as lesser included. That's the problem. Because the new murder charge was brought too late. And in addition to the aggravated, I'm sorry, the reckless homicide charges were also part of that re-indictment. The state says murder is murder. Correct. And I understand that for the purpose of the one good count rule. But in this case, when we're looking at what has to be proven and what has to be defined against, the elements of these two cases are clearly different. We're talking about the intent part. Right. The mental state is an element of the offense. And they were different in those two counts. The state also argues that there was a waiver argument here because of what the defense attorney argued at the pre-trial motion. They cite People v. Schicker in support of that argument. This case is, we believe this case is a little bit different. In that case, defendant on his own during closing argument asked the court to consider involuntary manslaughter, which was not a lesser included offense of the charge offense. And then the appeal court had said he can't complain about a conviction for that if he asked for it. In this case, this is an argument on a pre-trial motion, and the defense counsel was put in sort of a negotiating posture where he said, okay, if we all agree, even though it's a legal impossibility, that reckless homicide is a lesser included offense of felony murder, then I will drop the other part of the motion. But that didn't happen. The judge denied the motion in full, and trial counsel renewed his objection to what happened in a post-trial motion. So at that time, he was still charged with felony murder, or he was charged with murder? He was charged with felony, and once the judge denied the pre-trial motion, he was charged with felony murder and knowing murder, and the lesser counts for felony murder. Are there any cases that say specifically that a defense lawyer can waive a defendant's right to speedy trial? I believe that's defendant's right, so I don't know of any. I mean, I'm just asking if you know of any cases. I do not. I do not. Moreover, Mr. Whitlock was disadvantaged by this re-indictment. The prejudice to him lies in the fact that the original indictment did not give adequate notice to prepare a defense to the new charges. He was in pre-trial custody for 179 days before this re-indictment, before these new charges were brought. And the way the state prosecuted this case, the purpose of the compulsory jointer rule, which is to prevent piecemeal prosecution and harassment to the defendant. If you have no other questions on this issue or my other issue, we request that this Court reverses the reckless homicide conviction or remand it for resentencing on the Class III counts. Counsel, you argue that this is a post-conviction issue better than it is a direct appeal issue? We don't believe counsel is ineffective. We believe he was pushed into a negotiating stature in the pre-trial motion. But you suggest that there's more information that should be obtained by this Court if we want to, you know, entertain that waiver issue. I believe that there might be other reasons for his, if he had a strategic reason. I think that needs to be delved into more closely. And what we don't believe, he was ineffective. We believe he was just a, he was pushed into a negotiation. You're saying there was some tactic that he might have used and we don't know the record. Right. Correct. Okay. Thank you. Thank you. Thank you. You'll have a few minutes for rebuttal. Thank you. May it please the Court, counsel, again, Christine Cook on behalf of the people. The people have no quarrel with the law citing compulsory joinder in speedy trial as cited by opposing counsel. The problem with the argument is the analysis and the factual context of this case, which clearly show that compulsory joinder did not apply to the re-indicted charges and that therefore there was no speedy trial violation. First of all, as Justice Connors, as you know, that the knowing murder is not relevant as the defendant was found not guilty of that. It doesn't matter what the original murder charges were. Because in Illinois, murder is one crime. That's not the state's interpretation. That's the Illinois Supreme Court's ruling in Smith and a host of other cases following that. But you got to admit the intent is different, though, is it not? Well, sure, but the intent is different from felony knowing and, you know, A1, A2, A3. They're all different. They're just different means by which the same act is committed. Now, what's really significant in this case is that the defendant filed this motion three and a half years after the re-indictment. And when he filed the motion, the defense counsel is on record repeatedly acquiescing to the fact that reckless murder is a lesser-included offense of murder. I cite 2SS11 and 12, which is contained in the brief, where defense counsel says, if the state is willing to say that on the facts that are presented at trial, that if it brings in and that it triggers a defense or a state-proposed instruction for reckless homicide on these facts, I have to concede. The statement is an issue. Okay, so if the state is willing to say that reckless homicide in those circumstances is a lesser-included offense of first-degree murder, I will accept that. And I lose as to my motion to dismiss the reckless homicide counts because they are lesser-included and they could be added at any time, and they could be added at the request of the state, the request of the defense, or even the request of the court. And when the trial court was asking defense counsel, defense counsel said, if he could in fact give a reckless homicide instruction to a jury without anybody's request, defense counsel said, there were both sides' objections. So if the state says that those facts are indeed lesser-included offenses of reckless homicide, I will concede those points, S.S. 11 and 12. And Schneckel is also on point in this regard. In that case, the defendant asked for an involuntary murder instruction as a lesser-included felony murder, which as a matter of law is incorrect. Well, the defendant got his wish, and he was convicted of involuntary manslaughter, and this court heard that he cannot be heard to complain of his own affirmative acquiescence. As a matter of law, this court should not be entertaining this appeal. Counsel, do you think it's moot, the whole issue of the murder, since it was a not guilty? Yes. Yes. Further, as noted in Smith and as delineated in our briefs on pages 24, 25, and 26, Illinois has one murder statute. All different theories, all different matters in which that act can be committed. It doesn't matter which one is charged first, and defense counsel's claim here that the reckless is not a lesser-included felony murder misstates the argument. It's a lesser-included murder. Further, the purpose of the Speedy Trial Act and compulsory joinder is to prevent ambush and any piecemeal litigation, and that certainly was never at issue in this case. The defendant had adequate notice in the original indictment of the subsequent charges. Reckless homicide is a lesser-included offense of murder. And as proof that defense counsel was not surprised, ambushed, or engaged in piecemeal litigation, that motion was not filed for three and a half years after the re-indictment. And the defendant wasn't tried for another year and a half after that. Defense counsel, again, as noted in our brief on records SS10 through SS24, repeatedly concedes that he is not surprised by the re-indictment charges. Defense counsel stated, I do defend against lesser-included, and I am aware that there can be lesser-included. And in this case, interestingly enough, there are lesser-included. You're right. At this point, I should say the government is right. I'm not surprised. Okay? I can't. This is not a situation where in some of these cases where the government on the day of trial came forward with a new indictment. I'm not claiming surprise. The trial court, again, specifically asked. Now, accepting their premise then, what is the prejudice then, as far as your client is concerned, regarding what the state had chosen to do? Is there surprise? Defense counsel, not at this juncture, SS24. The law is very clear. It has been delineated and smithed in all of the subsequent cases. Defense counsel affirmatively acquiesced to the re-indictment and withdrew the motion for speedy trial and compulsory joinder. And because reckless homicide is a lesser-included offense of murder, of which there is one in Illinois, again, as a matter of law, this court cannot find compulsory joinder applies. There was no ambush. There was no piecemeal litigation. This defendant was properly charged. He was properly convicted. And we ask that this honorable court affirm. Counsel, if we feel there's a violation here of the Speedy Trial Act, can a lawyer waive that on behalf of the defendant? That's a good question. Theoretically, I don't know. I would think it would probably depend on the facts of the case. But that's not what happened in this case. He never affirmatively said this is a speedy trial violation. His whole claim was that, well, he was sitting in jail for, like, four or five months, and then he got re-indicted, and it's just unfair. So never an affirmative waiver is what you're saying? Oh, I think it's a very affirmative waiver based on his repeated statements that I concede the government is right based on the reckless homicide being a lesser-included offense. He repeatedly says the government wins their right. I'll withdraw my motion if they're willing to concede those issues. This important speedy trial right, though, are there any cases specifically that say a defense lawyer can waive that? I don't know. I didn't research that because that's not really the issue before this Court. It's certainly an interesting issue. It is, but it's not the issue before this Court. So as interesting as that is, Justice Connell, I'm going to assume that he was there for another time. But the trial level is up to the defendant to press for the speedy trial, isn't it? Sure. Sure. So he's not pressing. He's not pressing. He's waiting. Well, I think he's affirmatively waiving it just by defense counsel's own statement on the record, certainly. Yeah, there's nothing in this record that triggers compulsory rejoinder or the speedy trial term at all in this case. What about your point and suggestion that this is more appropriately considered in post-conviction? Well, that was done in a reply brief after it was noted that no remedy could be reviewed because of the affirmative waiver. The affirmative acquiescence, that plain error review, was not possible because there was no claim, a circling claim in this case. So they're kind of caught between the crosshairs in litigation here about what relief is available at what avenue. You know, the record is pretty clear that counsel made a motion, gave it a shot, and it was rejected, and properly so. And we ask that this Court affirm. Thank you, Ms. Smith. Thank you. Just a few points. This case really turns on the difference between felony murder and knowing murder for purposes of compulsory rejoinder. Smith is a verdict case that is a different situation than we have here. It is pretty clear that it's a fallacy to say that aggravated reckless homicide is a lesser-included offense of all murder, because there is case law that says it is not a lesser-included offense of felony murder. What's your strongest case for that? It's Saturday night. Oh, I'll read in the brief. Yeah, so it's in a different context than this, but it is clear that the elements are different. So that is basically what this turns on. In this case, the state, often when they're charging murder, they charge in a conceivable way. They didn't do that here. So they engaged in a piecemeal type of prosecution by bringing this 50 days after the speedy trial term had ended. Again, defense counsel didn't. We have no dispute with the quoted record here, but the defense counsel was put in a negotiating posture trying to get the best deal for his client. His concession was that if this error would agree that reckless homicide was a lesser-included offense of felony murder, which is a legal impossibility, then he would go along with it. But that's not what happened here. His entire motion was denied, and he continued to press the point that the new indictment was subject to compulsory joiner and his client's speedy trial rights were violated. He didn't waive his client's speedy trial rights in this case. Thank you, Your Honors. Thank you both very much. This matter will be taken under advisement, and court is adjourned.